COMMONWEALTH *vs.* THOMAS GATELY & another.

Suffolk. November 15, 1909. — November 29, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Larceny from the Person. Statute,* Construction of inconsistent provisions. *Police, District and Municipal Courts. Superior Court. Jurisdiction. Practice, Criminal,* Sentence, Appeal.

Section 28 of R. L. c. 160, providing that police, district and municipal courts shall have jurisdiction of the crime of larceny if the property alleged to have been stolen is not alleged to exceed the value of $100, for which crime such courts may inflict a punishment by a fine of not more than $100 or by imprisonment for not more than two years, applies to aggravated larcenies and particularly to larcenies from the person, and, since the term of imprisonment provided as a punishment does not include confinement in the State prison, the statute is constitutional.

Section 30 of R. L. c. 208 provides that a person convicted by a police, district or municipal court or before a trial justice of stealing money or goods not exceeding the value of $5 may be committed to the house of correction or workhouse for not more than six months or punished by a fine, and therefore the provision of R. L. c. 160, § 28, giving to police, district and municipal courts jurisdiction of the crime of larceny and power to punish by imprisonment for not more than two years, or by a fine, " if the property alleged to have been stolen ... is not alleged to exceed the value of $100," must be construed to give such jurisdiction and power to the police, district and municipal courts where the property alleged to have been stolen is alleged to exceed the value of $5 and is not alleged to exceed the value of $100.

Where, on appeal to the Superior Court by a person convicted in the Municipal Court of the City of Boston of larceny from the person of goods of the value of

$5, the defendant is tried and found guilty, the Superior Court cannot impose upon him a greater sentence than could have been imposed by the court appealed from, namely, the penalty provided by R. L. c. 208, § 30, either imprisonment for not more than six months or a fine of not more than $15.

The crime of larceny from the person of property not exceeding $5 in value is included within R. L. c. 208, § 30, which provides that "whoever is convicted by a police, district or municipal court or before a trial justice of stealing money or goods not exceeding the value of $5 may be committed to the house of correction or workhouse ... for not more than six months; or ... punished by a fine of not more than $15, either with or without a condition, that, if it is not paid within a time specified, he shall be so committed for a term designated in the sentence."

KNOWLTON, C. J.   These two defendants were severally convicted in the Superior Court upon a complaint made by one Redding in the Municipal Court of the City of Boston, charging that they, "with force and arms, from the person of said Redding, did feloniously steal, take and carry away one stickpin of the value of five dollars of the goods, moneys and chattels of said Redding, on his person and in his possession then and there being," etc.   Each of the defendants was convicted in the Municipal Court, and Gately was sentenced there to imprisonment in the house of correction for the term of four months, and Norton was sentenced to imprisonment in the common jail for the term of one year.   Both defendants appealed to the Superior Court, and upon conviction there each of them was sentenced * to imprisonment in the house of correction for the term of two years.   Before sentence was imposed upon them in the Superior Court, they requested the following rulings:

1. "This court in the exercise of its appellate jurisdiction, cannot impose a greater or larger sentence than is provided by statute for the punishment of the crime set forth in the complaint by the Municipal Court of the City of Boston.   The maximum penalty which might be imposed in the Municipal Court cannot be exceeded in this court in sentencing the defendants."

2. "The crime of larceny from the person of property not exceeding the sum of five dollars in value, which is the crime set forth in this complaint, is included within the provisions of the R. L. c. 208, § 30, and neither of the defendants can receive a greater sentence than the maximum amount of fine or imprisonment which is provided by said section thirty."

---

* By *Sanderson*, J.

These requests were refused and the defendants excepted. They also appealed from the judgment of the court, sentencing each of them to imprisonment for two years.

Before us their first contention is under the R. L. c. 208, § 24, that the crime of larceny from the person is a felony, punishable by imprisonment in the State prison, and therefore that one cannot be convicted of it except upon an indictment of a grand jury. In support of this proposition they cite *Jones* v. *Robbins*, 8 Gray, 329, in which the St. 1855, c. 448, was held unconstitutional because it subjected offenders to this kind of punishment by police courts, on a trial upon a complaint, without indictment by a grand jury. But under the St. 1857, c. 157, re-enacted in the Gen. Sts. c. 116, § 14, it was held in *Lewis* v. *Robbins*, 13 Allen, 552, that police courts have jurisdiction of larcenies concurrently with the Superior Court where the property alleged to be stolen is not alleged to exceed the value of $50. It was also held that the statute applies to aggravated larcenies, and particularly to larcenies from the person, where the property is not alleged to exceed the value of $50. The provision of this statute is now found in the R. L. c. 160, § 28, with an enlargement of the value from $50 to $100. The punishment may be by a fine of not more than $100, or by imprisonment for not more than two years. As this term of imprisonment does not include confinement in the State prison, the constitutional objection which arose in *Jones* v. *Robbins, ubi supra,* is obviated.

With this limit of jurisdiction in cases of larceny we have another provision in the R. L. c. 208, § 30, prescribing the penalty when one is convicted by a police, district or municipal court, or before a trial justice, of stealing money or goods not exceeding the value of $5. The limit of punishment in such cases is imprisonment for not more than six months, or a fine of not more than $15. The reasons which are stated in *Jones* v. *Robbins*, 8 Gray, 329, 332, and in *Lewis* v. *Robbins, ubi supra,* for holding that such a statute includes certain aggravated larcenies, are equally applicable to this section. In the R. L. c. 161, § 36, there is substantially the same provision as to the jurisdiction of trial justices, treated separately, except that the limit of value of the property in respect to which the crime is committed is fixed at $10.

It becomes necessary to determine how these different provisions shall be construed, — that which gives jurisdiction with a limited punishment where the value of the property is not exceeding $5 and that which gives jurisdiction with a power to inflict a greater but still a limited punishment where the value of the property does not exceed $100. Taken literally, the larger limit of value includes the smaller one, and to that extent the different provisions seem inconsistent with one another. We are of opinion that the R. L. c. 208, § 30, with a limit of value of $5, prescribing punishment by imprisonment for not more than six months or by a fine of not exceeding $15, must be held to exclude the operation of the R. L. c. 160, § 28, in the cases included in it, leaving the last named statute to apply only in cases where the value is more than $5, and not exceeding $100. This last statute must be construed in reference to larceny as if it read: "if the property alleged to have been stolen is alleged to exceed the value of five dollars, and is not alleged to exceed the value of one hundred dollars." In this way alone can effect be given to the different provisions.

There were provisions conflicting in a similar way, if taken literally, in earlier editions of our statutes. See Gen. Sts. c. 116, § 14; c. 120, § 41; Pub. Sts. c. 154, § 19; c. 155, § 50.

The first ruling requested was correct. *Feeley's Case,* 12 Cush. 598. The second ruling should also have been given, and the sentences imposed were illegal.

*Exceptions sustained ; judgment reversed.*

*P. H. Kelley,* for the defendant.

*A. H. Weed,* Assistant District Attorney, for the Commonwealth.