11771

CITY OF SPARTANBURG v. CUDD *ET AL.*

(128 S. E., 360)

CONSTITUTIONAL LAW—EMINENT DOMAIN—CITY HAS RIGHT OF "APPEAL" FROM UNSATISFACTORY DECISION OF CONDEMNATION COMMISSIONERS IN PROCEEDING TO CONDEMN PROPERTY FOR STREET PURPOSES.—Under Civil Code 1922, §§ 4499, 4500, city has right of

appeal from decision of condemnation commissioners in proceeding
to condemn property for street use, notwithstanding such sections
provide for appeal only by property owner, in view of Const. Art.
1, §§ 5, 17, guaranteeing equal protection of laws, and prohibiting
taking of private property for public use without just compensa-
tion; "appeal" as used not meaning technical appeal, but connoting
notice.       :

Before SHIPP, J., Spartanburg, January, 1924. Re-
versed.

Special proceeding by City of Spartanburg to condemn
property of R. E. Cudd and others for street purposes.
From an order of the Circuit Court dismissing for want
of jurisdiction its appeal from an unsatisfactory decision
of condemnation commissioner, city appeals.

His Honor, Judge Shipp sustained the contention of the
respondents in the following order of dismissal:

Special proceeding by the City of Spartanburg to con-
demn property, belonging to R. E. Cudd and others, for
use for street purposes. From an order of the Circuit
Court, dismissing for want of jurisdiction its appeal from
an unsatisfactory decision of condemnation commissioners,
the City appeals. Order reversed.

His Honor, Judge Shipp, sustained the contention of the
respondents in the following order of dismissal:

This is a motion by attorneys for the landowners to dis-
miss an appeal by the City of Spartanburg from the find-
ings of a jury in condemnation proceedings instituted by the
City for the purpose of condemning a lot of the said land-
owners at the corner of Commerce and Trade Streets, in the
City of Spartanburg. The jury fixed the compensation to
be paid by the City for the property at $4,000.

The attorneys for the landowners contend that the City
cannot appeal under the provisions of Section 4500 of the
Civil Code of 1922, since the only provision for an appeal
as therein set forth is in favor of the landowner, and that
therefore this Court is without jurisdiction to entertain such
appeal.

After argument and careful consideration, I am of the opinion that the motion to dismiss must prevail. Briefly, the reasons that led me to this conclusion are:

Appeal is a matter of privilege, and not a matter of right, unless it is provided by constitutional provision or statute. The statute in this case does not provide for such appeal by the statute. The Legislature had the right to deny the right of appeal, if it chose to do so, and having made no provision for such appeal, none exists, in my opinion. It is argued on behalf of the City that the Legislature could not legally allow the right of condemnation, and then allow the landowner the right of appeal, without also allowing the same privilege to the city. It is contended that to allow such special privilege is to deprive the city of the equal protection of the law, in violation of the State Constitution.

I am of the opinion that the Legislature had the right to extend the privilege of condemnation to municipalities on such terms and subject to such restrictions as it deemed wise; that the city has no right of condemnation except as allowed by the Legislative enactment. They are given the privilege of taking the property so condemned or not, as they choose, and they can only take it in the manner allowed by law, in the absence of a constitutional provision to the contrary. The case of *South Carolina Western Ry v. Ellen,* 95 S. C., 68; 78 S. E., 963, Ann. Cas., 1915B, 1042, was cited on behalf of the city, but a careful reading of that decision shows that the Supreme Court was led to the conclusion that the Railway Company could not be deprived of its right to a trial before a jury in a Court of record, because of the provision guaranteeing such right as contained in Article 9, Section 20, of the Constitution, which however, does not apply to municipal corporations.

There is no constitutional provision either guaranteeing the right of appeal to the municipal corporations in condemnation proceedings, nor that they shall have the right of a jury trial in a Court of record.

For these reasons, in brief, it is ordered that the appeal of the city from the verdict of said condemnation jury be and is hereby dismissed.

Appellant, within due time thereafter, served notice of appeal, and now appeals to this Court upon the following exceptions.

The Circuit Court erred:

(1) In holding that "the Legislature had the right to deny the right of appeal if it chose to do so, and having made no provision for such appeal, none exists, in my opinion," the error being that in view of the provisions of Section 15 of Article 5 of the Constitution, to the effect that the Courts of Common Pleas "shall have appellate jurisdiction in all cases within the jurisdiction of inferior Courts," the Legislature has not the power to deny the right of appeal.

(2) In not holding that, the right of appeal being conferred on the property owner, the attempted denial of that right to the municipality denies the equal protection of the law to the municipality in the discharge of its right and duty to adequately provide for the public necessity.

(3) In not holding that the statute construed as denying the right to appeal to the City, while conferring such right on the property owner was unconstitutional, as offending against the euqal protection clause of the Constitution, in so far as it attempts to deny the right of appeal to the city, but was valid and constitutional to the extent of providing a convenient means for initiating proceedings to acquire needed property for street purposes, and that therefore the Court had jurisdiction, and it was its right and duty to entertain the appeal and try the case *de novo,* according to custom and to the statutes governing appeals in similar proceedings instituted by municipalities to condemn for other purposes.

(4) In not holding that the proceeding here is a proceeding affecting property rights, and that the right of appeal is secured by the constitutional guarantee of due process.

(5) In not holding that under the provisions of Section 4455 to 4458, inclusive, of the Code of 1922, conferring on municipalities the right to acquire by condemnation property for public buildings, water supply, sewerage system, "or other public works," and providing for the ascertainment of compensation in exactly the same manner pursued in this proceeding, and providing the right of appeal in case of dissatisfaction to either the city or the landowner, the Court had the right to hear this appeal thereunder, and should have entertained it.

*Messrs. Lyles, Daniel & Drummond,* for appellant, cite: *Delegation of power of eminent domain:*  18 Stat., 782, Code, 1922, Vol. 3, Sec. 4499-4505; 23 Stat., 1040; Code, 1922, Vol. 3, Sec. 4446; 24 Stat. 867; Code, 1922, Vol. 3, Sec. 4450; 25 Stat., 640; Code, 1922, Vol. 3, Sec. 4455. *Procedure in condemnation:*  Code, 1922, Vol. 3, Sec. 4457 and 4458. *Right of appeal:*  Constitution S. C. Art. V., Sec. 15; 12 C. J., 1241; 20 C. J., 1089; 121 N. E., 102; 20 C. J., 1091; 3 C. J., 616; 139 U. S., 331; 35 L. Ed., 177. *Right of appeal not denied to City:*  Code, 1922, Vol. 3, Sec. 4500; 2 R. C. L., 6; 54 Atl., 104; 42 L. R. A. (N. S.), 654. *Status of condemnation jury.*  95 S. C., 68.

*Messrs. Bomar, Osborne & Brown,* for respondents, cite: *Right of appeal must be expressly given:*  2 R. C. L., 27; 10 R. C. L., 208; 72 S. C., 551; 32 S. C., 3; 1 Bailey 209; 13 S. C., 198; 10 S. C., 301; 21 S. C., 598; 24 S. C., 519; 32 S. C., 3. *No right of appeal in this case:*  Constitution S. C., Art. IX, Sec. 1 and 20; 95 S. C., 68. *Repeal of statute by implication:*  29 S. C., 476; 127 U. S., 409. *City Council not a Court:*  72 S. C., 551. *Legislature may prescribe rules for condemnation:*  95 S. C., 68. *Powers of municipality to be strictly construed:*  88 S. C., 251.

May 25, 1925.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record:

"This is a special proceeding by the City of Spartanburg to condemn certain property of the respondents, commenced on the ———— day of June, 1923, by the service upon the respondents of a notice reciting that the city required the strip of land therein described for widening Trade Street, and that, the owners having demanded what the municipal authorities deemed an unreasonable price, they were notified to appoint six freeholders, resident in the city, to meet an equal number appointed by the city, to determine the true value of the land and any damages resulting by reason of widening the said street.

"The commissioners in condemnation rendered in writing the following award: 'We find $4,000 damage, the city to place back the building as it now is.'

"Within ten days the city caused to be served upon the attorneys for the landowners notice that it appealed from the award of the commissioners to the next term of the Court of Common Pleas of Spartanburg County on grounds which it is not necessary to set out herein, as the sole question made by this appeal is the right of a municipality to appeal from the award of the condemnation commissioners in a proceeding to condemn for opening, extending or widening a street.

"At the call of the case for hearing in the Court of Common Pleas, the attorneys for the property owners moved to dismiss the appeal on the ground that the Court was without jurisdiction to entertain it, inasmuch as the section of the Code relating to municipal condemnation for street purposes contained a provision giving the right of appeal to the landowner, while no such right is thereby conferred on the municipality."

His Honor, the Circuit Judge, dismissed the appeal for the reasons stated in his order, which will be reported. The City of Spartanburg appealed upon exceptions, which, also, will be reported. It will not be necessary to consider

the exceptions in detail, as the sole question properly before this Court is the right of a municipality to appeal from the award of the condemnation commissioners in a proceeding to condemn for opening, extending, or widening a street.

Section 4499 of the Code of Laws, Vol. 3, is as follows:

"Whenever the mayor and aldermen of any city or the intendant and wardens of any town in this State shall think it expedient to widen, open, lay out, extend or establish any street, alley, road, court or lane, they shall have power to purchase the lot, lots or parts of lots of land necessary for such street, alley, lane, road or court, and the fee simple of said land shall be vested in said city or town for the use of the public from the day of the deed of sale."

Section 4500 thereof is as follows:

"In case any owner or owners of said lot or lots of land as aforesaid shall refuse to sell the same, or shall demand what may be deemed by the said authorities an unreasonable price, then the said authorities shall nominate and appoint six freeholders, resident in said city or town, who shall meet an equal number to be named and appointed on the part of the owner or owners, to determine and fix upon the true and real value of such land, and any damage thereto, by reason of the opening, widening or extension of such highway. * * * In case any owner shall be dissatisfied with the valuation of his lot or lots, or such special damages aforesaid, it shall and may be lawful for such owner to appeal from the same upon giving notice of such appeal to the mayor and aldermen, or intendant and wardens, of such city or town, within ten days from the time of his receiving a notification of such valuation and assessment of damages, to the Court of Common Pleas for the county in which said lands may be at the next session thereafter; and the said Court shall order a new valuation and assessment of damages, or either, in such particular case, to be made by a jury, who shall be charged therewith in the same or some

subsequent term, and their verdict shall be final and conclusive unless a new trial be granted.   *   *   * ''

The intention of these sections was to confer upon municipalities the power to institute condemnation proceedings, and to provide the manner in which the amount of compensation to the landowner for taking his property should be determined, if he refused to sell or demanded an unreasonable price.   In case of failure on the part of the parties to agree upon the amount of compensation, the parties were to select a jury of 12 commissioners, and if they could not agree, they were to select another commissioner (which was not necessary in this case as the commissioners agreed upon the amount of compensation).   In case either party was dissatisfied with the finding of the commissioners, then the dissatisfied party or parties had the right to a trial by jury in the Court of Common Pleas upon giving notice to the other party of such dissatisfaction.   The verdict of the jury in the Court of Common Pleas was to be final, unless otherwise ordered by the Court. We have not undertaken to give the exact language of the statute, but to state the proper construction to be placed upon it.

The statute must be construed in connection with the following constitutional provisions:

Article 1, § 17:   "Private property shall not be taken for private use without the consent of the owner, nor for public use without just compensation being first made therefor."

Article 1, § 5:   "The privileges and immunities of citizens of this State and of the United States under this Constitution shall not be abridged, nor shall any person be deprived of life, liberty or property without due process of law, nor shall any person be denied the equal protection of the laws."

Under these provisions of the Constitution, the landowner unquestionably had the right to a trial by jury in the Court of Common Pleas, if he had given notice to the municipality

that he was dissatisfied with the finding by the commissioners within the time prescribed by the statute. It is true the statute only purports to give the right of appeal to the landowner, but, as the municipality was entitled to equal protection under the laws, it was likewise entitled to a trial by jury in the Court of Common Pleas, upon giving notice to the landowner of its dissatisfaction with the verdict of the commissioners.

The word "appeal," as used in the statute, was not used in its technical sense, but simply as connoting notice. The word "appeal" is thus defined in 2 Enc. of Law, p. 425:

"The term 'appeal' was unknown to the common law, and belonged to the Civil law and Courts of chancery, and meant in its technical and appropriate sense, the removal of a suit and its final determination from an inferior Court to a superior Court, and placing the case in the latter Court to be again tried *de novo* upon its merits just as though it had never been tried in the inferior Court."

It is only necessary to refer to the case of *Railway v. Ellen,* 95 S. C., 68; 78 S. E., 963, Ann. Cas., 1915B, 1942, to show that the commissioners by whom the amount of compensation was determined was not such a Court from which an appeal in its technical sense would lie, but that a mere notice of dissatisfaction would entitle the dissatisfied party to a hearing in the Court of Common Pleas.

In the case last mentioned, Mr. Justice Hydrick, in delivering the opinion of the Court *en banc,* says:

"The suggestion that the provision for trial by jury was intended for the benefit of the landowner only is not supported by the language used in the Constitution, *nor by any sound reason that has been advanced."*

(Italics added.)

The order of the Circuit Court is reversed.

MESSRS. JUSTICES WATTS, FRASER and MARION and ACTING ASSOCIATE JUSTICE JAS. W. JOHNSON concur.