# MOULDEN v. STATE

[No. 269, September Term, 1957.]

*Decided June 18, 1958.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*James B. Davis* for the appellant.

*James H. Norris, Jr., Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *Alger Y. Barbee, State's Attorney for Montgomery County,* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

This appeal was taken from the denial by a circuit court of a motion to reduce, as illegally excessive, sentences it had imposed months before in appeals to it from a magistrate who had convicted for violations of the motor vehicle law. The State did not challenge the appeal as one from final ac-

tion of the circuit court in its limited appellate jurisdiction on appeal from a magistrate. We do not decide the right to appeal because we find it apparent that the questions sought to be raised render "it desirable and in the public interest that the case should be reviewed", to use the words of Code 1957, Art. 5, Sec. 21, granting this Court the right of appellate review in such cases. We treat the appeal as an application for *certiorari,* grant the application and decide the case. *Shipley v. State,* 201 Md. 96, *Hite v. State,* 198 Md. 602.

The People's Court of Montgomery County gave Moulden, the appellant, two sixty-day consecutive sentences for driving a motor vehicle after revocation of his license and driving under the influence of intoxicating liquor and fined him $15.00 for reckless driving (ten days in default) concurrent with the other sentences. On appeal to the Circuit Court, Moulden pleaded guilty to all three charges and asked the court for leniency. Judge Reeves, noting his long record of relatively serious violations of the motor vehicle law (including the fact that he had been charged at least once before with operating a motor vehicle after his license had been revoked), imposed the following sentences: for operating a motor vehicle while under the influence of intoxicating liquor, a fine of $1,000 and costs and a year in the House of Correction; for operating a motor vehicle in a reckless manner, a year in the House of Correction, to begin at the expiration of the previous sentence; and for operating a motor vehicle after his license had been revoked, a fine of $1,000 and costs and six months in the House of Correction, the sentence to begin at the expiration of the second of the one-year sentences. The court then suspended the execution of all sentences and placed Moulden on probation on condition that at no time and under no circumstances was he to operate or attempt to operate a motor vehicle until his operator's license had been restored.

Three months later, Moulden was again brought before the court, having been arrested by the police of Montgomery County on the charge of driving a motor vehicle after his license had been revoked. On May 2, 1957, Judge Reeves struck out the suspensions of sentence and reinstated all of

them in conformity with his original pronouncement. On October 10, 1957, Moulden filed a motion in the Circuit Court to correct the sentences, claiming that the Circuit Court, acting in its special limited jurisdiction as an appellate court, has no power, inherent or statutory, to impose any sentence in excess of that imposed by the magistrate in the People's Court.

The appellant concedes that his appeal to the Circuit Court was under the provisions of Code, 1957, Art. 66½, Sec. 325. He contends that regardless of how a magistrate's appeal gets to the Circuit Court, restrictive language in Sections 30 and 39 of Art. 5 of the Code of 1957 strips the Circuit Court of power to increase any fine imposed by a magistrate or to require imprisonment for more than thirty days upon default in payment. The language he relies on in Section 30 is this: "In the event of acquittal or of the levy of a fine (including costs) by the circuit court in a sum less than that levied by the magistrate, the entire fine or the surplus held by the clerk in excess of the fine levied by the circuit court, as the case may be, shall be returned to the defendant. All fines levied by the circuit court for motor vehicle violations shall be paid by the clerk of the circuit court to the Department of Motor Vehicles." We find nothing in this language to indicate more than a legislative intent to establish a system of accounting of fines in motor vehicle cases, just as the previous paragraph of Section 30 establishes it for fines in general criminal appeals. The second sentence in the quotation permits an inference against the position of the appellant as strong as any he could draw from the first sentence.

Section 39 of Art. 5 of the Code of 1957 is as follows: "Where any judgment of a justice of the peace, imposing any fine or penalty for the violation of any law or ordinance, shall be affirmed upon appeal, the court to which such appeal is taken shall have the power to commit the defendant or appellant in case of nonpayment of such fine or penalty and costs; provided, that no person shall be imprisoned under this section for a longer period than thirty days for any one offense."

This section was added to the law by Chap. 56 of the Acts

of 1870 which also amended the section that is now Sec. 30 of Art. 5 of the Code, 1957, by providing that trials on appeal were to be heard *de novo* and by the addition of a proviso that appeals were to be allowed in cases of actions of debt for the collection of fines, penalties and forfeitures which justices of the peace could impose and as to which there was no appeal provided in the special statute giving the justice jurisdiction. The amendment then added this language: "if the appellant should not appear on or before the second day of the term of the Court to which such appeal is taken, the judgment shall be affirmed as of course". Justices of the peace had no general criminal jurisdiction in Maryland until 1880. Before that "Criminal charges which the statute did not specifically authorize justices of the peace to try and determine could be heard only in the Criminal Court after indictment by the grand jury." *Yantz v. Warden,* 210 Md. 343, 348. Since the 1870 amendment made the trial on appeal *de novo* and a case actually tried and decided *de novo* is not, accurately speaking, either reversed or affirmed (even if the decision and judgment is the same as that below, it is an independent decision and judgment and not merely an affirmance), it may well be that the provisions of the statute now codified as Sec. 39 of Art. 5 were intended to limit jurisdiction to imprison for no more than thirty days only to cases of automatic affirmance upon non-appearance of the appellant. We need not decide the point because Moulden was convicted of violating Sections 112, 206 and 209 of Art. 66½, Code of 1957. Section 340 of Art. 66½ provides: "In default of the payment of any fines imposed for violations of any of the provisions of this article, the offender shall be committed to jail in accordance with the provisions of § 4 of Article 38 * * *." Section 4 of Art. 38, Code, 1957, provides a sentence of a dollar a day for each dollar of fines and costs with a maximum of thirty days for fines and costs amounting to $100.00, sixty days for those above $100.00 up to $500.00, and ninety days for those above $500.00. Section 1 of Art. 66½ makes that article the exclusive and controlling state-wide law as to matters covered by it unless the legislature "specifically" otherwise provides. It is of no signficance that Sec. 39 of

Art. 5 was re-enacted by Chap. 399 of the Acts of 1957, for Sec. 1 of Art. 66½ also provides in its last paragraph: "No provision of this article shall be deemed as repealed by any act hereafter passed unless said provision is expressly referred to and repealed in terms or some other clear evidence [is] given of the intent on the part of the General Assembly to change the policy of the State herein declared." No such intent is revealed by Chap. 399 of the Acts of 1957. (Incidentally, Sec. 4 of Art. 38 was repealed and re-enacted by a chapter of the 1957 Assembly later in number than that re-enacting Sec. 39 of Art. 5.) We think the Circuit Court, on appeal under Sec. 325 of Art. 66½, had the authority to impose any fine within the limits set in the sections of Art. 66½ violated by Moulden and that Sec. 340 of that article controllingly specifies the time that is to be served if there is default in payment of the fines.

Moulden makes the further contention that the sentences of imprisonment given by the People's Court could not be increased by the Circuit Court because the words *"de novo"*, as used in Sec. 325 of Art. 66½ are procedural only and that the holding of the Supreme Court of Louisiana in *State v. Langston* (La.), 76 So. 717, 718, should be applicable and controlling. The Court in that case said: "The provision of the law that, when one who has been convicted in the city court appeals to the district court, the trial shall be de novo, does not mean that the sentence also shall be de novo." The holding of the Louisiana Court, as far as we have been able to determine, stands alone. In other states, where a statute permits an appeal from a magistrate to a court of superior jurisdiction and directs that the case should be heard *de novo*, it has been held consistently that the upper court hears the case as if it were being tried for the first time, and considers the entire matter of verdict, judgment and sentence as though there had been no trial below. In some states the statutes provide that the penalty may be increased on the retrial, and in others the courts have found inherent or implied power to increase sentence from the mere direction of the statute that the case is to be heard *de novo*. In *State v. Stafford* (N. C.), 18 S. E. 256, 257, where the statute was silent as to

penalty on retrial, the Court said: "The trial in the superior court being de novo, it was competent for the judge, in his discretion, to lay a lighter or heavier penalty than the sentence of the justice, provided, of course, he did not exceed the limit of punishment which the magistrate could have imposed." The Supreme Court of North Carolina repeated this statement in *State v. Meadows* (N. C.), 68 S. E. 2d 406, 408.

In *State v. Siglea* (Wash.), 82 P. 2d 583, 584, the Supreme Court of Washington said: "By taking an appeal from the justice court to the superior court, appellant submitted to the superior court, for its consideration and determination, the matter of sentence in the event that he was unsuccessful on the appeal."

The Supreme Court of Wyoming, in *State v. Franklin* (Wyo.), 249 P. 2d 520, 522, upheld the lower court's refusal to dismiss an appeal from a justice of the peace on motion of the appellant and said: "The motion to dismiss was made upon the theory that the court might impose a larger penalty than that which had been imposed by the justice of the peace. The court confirmed the fear of counsel for defendant. But it had the right to impose a larger penalty." See also *Commonwealth v. Gateley* (Mass.), 89 N. E. 1063; *Green v. Commonwealth* (Va.), 195 S. E. 520, 521; and *Strickbine v. State* (Ark.), 148 S. W. 2d 180.

New Jersey, Colorado and Alabama have statutory provisions for added punishment in event of conviction on appeal from a justice of the peace and their courts have upheld and applied these provisions. See *State v. Elliott* (N. J. Super.), 80 A. 2d 573, 575; *Smith v. Phelps* (Colo.), 28 P. 2d 1004; *Johnson v. City of Jasper* (Ala. App.), 43 So. 2d 843.

This Court has given indications that the general rule is the law of Maryland. In *Green v. State,* 170 Md. 134, two of the five appeals there heard together involved cases in which an appellant had been given the minimum sentence of six months by a magistrate for the selling of whisky, and on appeal the Circuit Court had given him the maximum of two years. Without discussion of the point, this Court affirmed the Circuit Court's order overruling a motion to strike out his judgment and sentence.

*Robb v. State,* 190 Md. 641, and *Johnson v. State,* 191 Md. 447, were appeals by the State to the Circuit Court. In the *Robb* case, the accused, who had been acquitted by the magistrate, was found guilty and sentenced by the Circuit Court. In the *Johnson* case, the traverser was found guilty by the court and was given a greater sentence than the magistrate had imposed. In each case, the appeal to this Court was dismissed.

In *Hite v. State,* 198 Md. 602, 607-608, *supra,* this Court issued the writ of *certiorari* to the Circuit Court for Allegany County. The accused had been sentenced to ten days in the county jail by the juvenile court, and the sentence suspended. Later, he was charged with violation of his parole and the juvenile court sentenced him to six months. On appeal to the Circuit Court, he was sentenced to two years. This Court held that when the accused was brought in the second time, the magistrate could do no more than to strike out the suspension and so leave the original sentence to stand, and said: "On appeal from the hearing on violation of parole, the court had no power to hear the original case which had not been appealed. Appellant's agreement or insistence could not confer such power. All the court could do would be to hear the parole case. It could, of course, hear that *de novo,* and if it agreed with the magistrate that there had been a violation of parole, it should have stricken out the new sentence imposed by the magistrate, and sent the accused to serve his original ten-day sentence. * * * *Of course, if the appeal had been from the original sentence, then the court could have modified it, or changed it, or enlarged it within the limits provided by the statute,* but there was no appeal from the original sentence, and therefore it must stand as the only valid sentence in the case." (Emphasis supplied).

It is worthy of note that Sec. 411 of the Baltimore City Charter, 1949, provides that on appeal from a justice of the peace assigned to a police station in Baltimore City, the Criminal Court "upon said trial *de novo,* may impose any sentence authorized by law to be imposed as punishment for the offense charged irrespective of the sentence imposed by the Justice of the Peace below * * *."

We think it beyond doubt that the Circuit Court for Mont-

gomery County had the power to sentence Moulden, who had pleaded guilty, to whatever sentence, within statutory maximums that it deemed appropriate. There is no contention that the sentences exceeded those authorized by the applicable sections of Art. 66½ of the Code. The order of the Circuit Court for Montgomery County, in refusing to change the sentences it had imposed, is affirmed.

*Order affirmed, with costs.*