**Jack J. RUBINO, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 395.**

Supreme Court of Alaska.

May 6, 1964.

George T. Yates, Anchorage, for appellant.

Robert C. Erwin, Dist. Atty., and James N. Wanamaker, Asst. Dist. Atty., Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

The appellant, Jack J. Rubino, was convicted in the deputy magistrate's court at Naknek of the crime of fishing on June 25, 1962, with a drift gill net in an area closed to that type of fishing. On June 27, 1962, he was sentenced to pay a fine of $3,000 and given a suspended jail sentence of ninety days. In addition, his drift net was ordered forfeited and his fishing license suspended for a period of six months. He gave notice of appeal to the superior court and the deputy magistrate stayed execution of the judgment and sentence, pending appeal, except as to the suspension of the license.

About a year later, June 7, 1963, he was tried de novo in the superior court at Anchorage, found guilty and given the identical sentence meted out by the deputy magistrate. Again he appealed, this time to the state supreme court, and obtained a stay of execution of the superior court judgment, including the suspension of the fishing license.[1]

---

1. The statute under which the deputy magistrate must have refused to stay the execution of the suspension of the appellant's fishing license is S.L.A.1959, ch. 94, art. III, § 11, as amended by S.L.A. 1961, ch. 112 [AS 16.05.710]. This

■ As his first specification of error the appellant alleges that the superior court erred in effectuating the suspension of his fishing license twice for a single offense. He argues that, because of the unstayable suspension of his license in the magistrate court, he lost the 1962 fishing season,[2] and that it would result in a gross injustice for this court to uphold the second suspension and thereby cause him to lose the 1964 season as well. We agree.

The state seems to be willing to assume that the appellant observed the suspension of license imposed by the magistrate court. However, in opposition to the appellant's claim of injustice, the state cites the Maryland case of Moulden v. State[3] in which it was held that after conviction and sentence of a defendant in the people's court, followed by appeal and trial de novo and conviction in the circuit court, the latter court had the power to impose whatever sentence, within the statutory maximums, that it deemed appropriate.[4]

We do not consider Moulden v. State to be controlling on the issue raised by the appellant Rubino in this case. It is apparent from the record that the superior court judge, who sat as trier of the facts de novo, was cognizant of the judgment and sentence passed upon the appellant in the magistrate court. This is evidenced by the fact that at the time of declaring the appellant guilty and then being asked as to the type of sentence that might be expected, the trial judge stated from the bench:

"Well, I think the court can give you this indication Mr. Yates [of coun-

sel for the appellant] that the sentence would not be more severe than the sentence of the court below. But other than that I will not give you any indication."

Sentence was pronounced the day after the foregoing remarks were made. It was identical in every respect with that given in the magistrate court. Its effect was likewise the same, except as to the suspension of the fishing license. For example, the appellant was required to pay a single fine of $3,000 and to serve a single jail sentence of ninety days, suspended; but with respect to the license suspension, he lost his right to fish for two separate periods of six months each. This indicates to us that the trial judge was not at the time aware of the fact that the deputy magistrate had denied a stay of execution of the license suspension. Had he been aware of the fact mentioned, it is reasonable to assume that he would not have added another six months' suspension of the license to the earlier suspension already fulfilled. In justice to the appellant the license suspension provisions should be stricken from the judgment and sentence imposed in the superior court.

■■ The appellant also contends that the portion of the superior court judgment forfeiting his drift gill net is invalid for the reason that it was not shown at the trial that the net was ever seized by the law enforcement officers. Such a seizure, he maintains, was a prerequisite to forfeiture under the provisions of the Alaska statute set forth in the margin.[5] The state

---

statute provides in part that no stay of the suspension of a fishing license may be granted pending appeal. On March 13, 1963, this court declared that provision of the statute to be unconstitutional. See Leege v. Martin, Opinion No. 131, 379 P.2d 447, 451–452 (Alaska 1963).

2. The 1962 fishing season commenced on June 25, just two days before the deputy magistrate suspended the appellant's license.

3. 217 Md. 351, 142 A.2d 595 (1958).

4. Id., 142 A.2d at 598–599. It is noted that in the instant case the record shows that this was Jack Rubino's third conviction of violating the commercial fishing laws and regulations of Alaska. This made him subject to the statutory penalty of having his fishing license suspended for a maximum of three years. S.L.A. 1959, ch. 94, art. III, § 11, as amended by S.L.A.1961, ch. 112 [AS 16.05.710].

5. S.L.A.1959, ch. 94, art. I, § 23 [AS 16.-05.190] provides in part:
"All guns, traps, nets, fishing tackle, boats, aircraft, automobiles or other ve-

concedes the point but argues that the matter concerns sentencing only and can be rectified by remanding the case to the superior court for reception of evidence as to whether or not the net was seized and appropriate sentencing thereafter as to the forfeiture. The appellant's answer to this novel proposal of the state is that to permit the state to reopen its case at this late date to produce evidence in support of the judgment would amount to granting the state a new trial as on appeal to produce indispensable evidence which it failed or was unable to produce at the time of the first trial in the superior court. We hold with the appellant [6] and conclude that the forfeiture provisions contained in the superior court judgment should likewise be stricken.

At the close of the state's evidence and again at the conclusion of all the evidence, the appellant moved unsuccessfully for judgment of acquittal. He assigns as error the superior court's denial of his motions and argues in his brief that the state introduced no evidence at the trial which supported the verdict that he had been fishing in a closed area.

■ We do not consider it necessary in this case to even summarize the evidence adduced by the parties at the trial. Suffice it to say that we have carefully reviewed all of the evidence in the record and find that the state's evidence, if believed, along with the inferences which might reasonably have been drawn therefrom, was sufficient to sustain the conviction and justified the superior court in denying the motions for judgment of acquittal.[7]

For the foregoing reasons the judgment and sentence of the superior court is affirmed except as to the provisions relating to the forfeiture of 150 fathoms of drift gill net and the suspension of the appellant's commercial fishing license. As to those specific provisions the judgment is reversed.

Affirmed in part and reversed in part.

hicles, sleds, and other paraphernalia used in or in aid of a violation of this Act, or rule or regulation of the Department, may be seized, pursuant to any valid search * * *."

6. Cf. Forth v. Northern Stevedoring & Handling Corp., Opinion No. 169, 385 P. 2d 944, 948–949 (Alaska 1963).

7. See Eaton v. State, Opinion No. 194, 390 P.2d 218 (Alaska 1964), wherein this court stated: "We have adopted for Alaska the rule that on a motion for judgment of acquittal the court must take the view of the evidence and the inferences therefrom which is most favorable to the prosecution."