VOLZ ᴇᴛ ᴀʟ. *v.* STATE ROADS COMMISSION
OF MARYLAND

[No. 75, September Term, 1959.]

*Decided December 17, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*W. Lee Harrison* and *Richard C. Murray,* with whom were *Stengel & Askew* on the brief, for appellants.

*Joseph D. Buscher, Special Assistant Attorney General,* and *Eugene G. Ricks, Special Attorney,* with whom were *C. Ferdinand Sybert, Attorney General,* and *Johnson Bowie, Special Attorney,* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

This is an appeal from a judgment—an inquisition absolute —in a condemnation proceeding in the Circuit Court for Baltimore County, in which the State Roads Commission of Maryland (the commission) was the condemner and Charles J. Volz and others (the property owners) were the con-demnees. The commission undertook to acquire the property in question pursuant to the terms of Chapter 59 of the Acts of 1956 (since amended in a manner not here pertinent), which is now codified as Code (1957), Art. 89B, Sections 10-20, inclusive. Its provisions are hereinafter usually referred to simply by the Code section number.

Under Sec. 16, the commission and the property owners having failed to agree, the dispute was certified to the Board of Property Review for Baltimore County (the review board). The review board proceeded, under Sec. 17, to make an award in the amount of $72,455 on October 7, 1958. Pursuant to Sec. 18, the property owners on October 13, 1958, appealed from the review board's findings and award to the circuit court; and also pursuant to Sec. 18, the commission, on Oc-

tober 31, 1958, filed its petition for condemnation in that court. Such filing was required as a result of the property owners' appeal. The commission claims that in filing this petition it, too, intended to and did appeal from the award. It did not, however, expressly assert either in the petition or by any other pleading, that it was appealing from the award.

On March 30, 1959, when the case came on for trial, the property owners dismissed their appeal and moved to dismiss the petition for condemnation, but their motion was denied. The case then went to trial on the condemnation petition and the property owners' answer thereto, which had not been withdrawn. At the conclusion of the evidence, the property owners moved for a directed verdict on the same grounds upon which they had moved for dismissal of the petition. This motion was also overruled and the jury awarded the property owners $63,783, which was $8,672 less than the award made by the review board.

Some such result was evidently anticipated by the property owners at the time of trial, since the apparent object of their dismissal of their own appeal and of their motions to dismiss the condemnation proceeding and for a directed verdict was to reinstate or restore the award of the review board. The question presented to this court is whether or not the property owners, as the only parties who had expressly appealed from the findings and award of the review board, were entitled, upon dismissing their appeal below, to have the condemnation petition dismissed and the award of the review board made effective.

The property owners, claiming that the filing of the condemnation petition was merely the performance of a duty imposed on the commission by the statute as a result of the appeal taken by the owners, contend that they had a right to dismiss their appeal and the further right to require a dismissal of the condemnation petition because the commission had not appealed. On the other hand, although it did not object to the dismissal of the appeal so far as the owners were concerned, the commission claimed that the filing of the petition served "the office of appeal for *both*" the property owners and the commission, and contends that a dismissal of the

condemnation petition would have been improper. The lower court, in refusing to dismiss the condemnation petition, accepted the theory of the commission by ruling that the mere filing of the petition constituted a valid appeal, but, other than this, it did not expatiate on the reason for so ruling.

The case turns, we think, upon the provisions of Sections 16, 17 and 18. Section 16 provides for the certification of the dispute to the review board in case the commission and the property owners are unable to agree within six months after the filing of the plats and payment into court (or to the property owners), under Section 14, of the estimated value of the property. The statute requires the certification to be made by the commission within thirty days after the expiration of the six months' period, but it may be made sooner by the commission of its own volition or upon request of the property owner. Section 17 contains provisions with regard to the review board's proceedings for valuation and ordinarily requires such proceedings to be completed and an award made within five months after certification. It is perhaps superfluous to point out that neither party is bound to agree to accept the award of the review board as a condition to the dispute being certified to the board. Quite to the contrary, either party has an unqualified right of appeal as stated below.

Section 18 provides in part as follows:

"In the event either the Commission or the property owner shall be dissatisfied with the findings and award of the board of property review either shall have the right, within thirty (30) days therefrom, of appeal to the circuit court for the county * * * in whichever jurisdiction the property is situated. Upon appeal the case shall be *heard and determined under the procedure* set forth in this article [89B] and Article 33A of the * * * Code * * *. In cases where the appeal is sought by the property owner he shall so notify the Commission in writing and it shall be the duty of the Commission to prepare and file *the* condemnation case in the proper court, * * * and the case shall be *heard de novo* and *as if there*

*had been no hearing before the board of property review."* (Emphasis added.)

It is clear that this section provides in terms for a court proceeding *de novo,* and it is equally clear that it does not provide for a review by the court, whether by way of affirmance, reversal or modification, of the award of the review board. The complete absence of any such provision shows, we think, that the "appeal" under Section 18 is not an appeal in the usual sense of the term, but is the institution of a new proceeding.

We may assume for the purposes of this case that if the commission failed to file a petition for condemnation, as it may do of its own volition under Section 18, and if the property owner also failed to exercise his right thereunder to require the commission to file such a petition, the award made by the review board pursuant to Section 17 would be binding on both parties. However, when the petition is filed—no matter at whose instance—the situation is wholly different. We have here no such provisions for appeal or judicial review as may be found, for example, in statutes dealing with review of action by a board of alcoholic beverages license commissioners, a board of zoning appeals, the Public Service Commission, the Workmen's Compensation Commission, the former State Tax Commission, the present Maryland Tax Court, or any of the administrative bodies whose decisions or orders are within the scope of the Administrative Procedure Act.[1] These statutes all deal with the affirmance, reversal or modification of orders subject to review, and make pro-

---

1. See the following code provisions embodying the statutes referred to (references being to the Code of 1957 or, where appropriate, to the current Cumulative Supplement thereto): Art. 2B (Alcoholic Beverages), Section 175(e); Art. 66B (Zoning and Planning), Section 22(i)-(l), (o); Art. 78 (Public Service Commission Law), Sections 90, 91, 96, 97; Cum. Supp. Art. 101 (Workmen's Compensation), Section 56; Art. 81 (Revenue and Taxes), Section 259 (former State Tax Commission); Cum. Supp. Art. 81 (Revenue and Taxes), Section 229(1) (Maryland Tax Court); Art. 41 (Governor—Executive and Administrative Departments), Section 255 (Administrative Procedure Act).

vision for taking additional testimony. Most of them permit matters, together with any additional testimony taken, to be referred back to the administrative agencies concerned. The new act establishing the Maryland Tax Court seems to make the essential difference between such statutes and the statute now before us stand out clearly. The tax court statute provides that the trial court to which an appeal is taken "shall hear the case de novo," and in this respect is similar to Section 18 [of Art. 89B] which governs the present case. However, unlike Section 18, the tax court appeals statute goes on to provide that the trial court "may affirm, reverse, remand or modify the order appealed from;" but in the "absence of any affirmative evidence to the contrary, or of any error apparent on the face of the proceedings," the order appealed from "shall be affirmed." No such course of action is open to the trial court in a case under Section 18 [of Art. 89B]. Thereunder, the court tries the case *de novo* and arrives at an award (a jury trial being available here, but not on an appeal from the Tax Court) and that award, *i.e.*, the amount determined by the inquisition, constitutes the judgment. It is not, and it does not purport to be, an affirmance, reversal, modification or remand of the award of the property review board, nor would the award of that board stand after the filing of the condemnation petition even in the absence of any evidence to show that it was in error.[2] Once the petition is filed, the prior award simply ceases to be of any effect. Not even a presumption of its correctness is carried into the condemnation case; indeed, the award of the review board is not even admissible in evidence. *Congressional School of Aeronautics v. State Roads Comm.*, 218 Md. 236, 146 A. 2d 558 (1958).

It is evident that the Legislature, in enacting the statute now under consideration, intended to and did distinguish between an appeal, *in its ordinary or usual sense,* from other

---

2. Cf. *Baltimore City v. Hurlock*, 113 Md. 674, 78 Atl. 558 (1910), where a tax assessment was to be made by a court on appeal in a proceeding *de novo*, but if no evidence were produced to show the assessment to be in error, the assessment would be affirmed. And see *Moulden v. State*, 217 Md. 351, 355, 142 A. 2d 595, 597 (1958).

administrative agencies or quasi-judicial boards, and an appeal, *in the non-technical sense,* from the property review board. Here the "application" by either party, howsoever made, for the filing of a condemnation proceeding to be tried anew constitutes the "appeal." Read in this sense, the statute simply provides that either party to the review board proceeding, who is dissatisfied with the findings and award of that board, has the right, within thirty days, to "apply for" a condemnation case to be filed in court and heard *de novo* as the new and independent action it is. *Purcell Bank & Trust Co. v. Byars,* 66 Okla. 70, 167 Pac. 216 (1917).

Furthermore, it has been stated that although questions of compensation or damages before a court and jury in a formal condemnation proceeding are often referred to as an appeal from an award of an agency, board or commission, where the initial proceeding was not judicial, but was merely a hearing to establish an award, the "appeal" is really the commencement of an action at law. *State ex rel. Weltmer v. Taylor,* 42 N.M. 405, 411, 79 P. 2d 937, 941 (1938). See also *City of Spartanburg v. Cudd,* 132 S. C. 264, 128 S. E. 360 (1924).

As we read Section 18, if either of the parties is dissatisfied with the award made by the review board, the dissatisfied party, whether the commission or the property owner, may, within thirty days, file or cause to be filed a petition for condemnation in the appropriate court. If the dissatisfied party is the property owner, he must give notice to the commission and the commission must thereupon proceed to file its petition, and the primary function of the notice seems to be to set the machinery in motion for the filing of the petition. If the filing of the petition is done of the commission's own volition, the owner must be given notice of the proceedings, but there is no statutory requirement for any other notice of appeal by the commission. In either event, once the petition is filed, the case proceeds as an ordinary condemnation case under Art. 89B or Art. 33A of the Code. It is not suggested that in such case, the condemnee would have any option to call for a dismissal of the petition in order that he might take advantage of some offer previously made by the commission and rejected by him. On the facts of this case

216

we are not called upon to determine whether or not the condemnee, after giving notice of appeal, could abandon his appeal and forestall the filing of a condemnation petition by the commission at any time after the expiration of thirty days from the date of the review board's award and prior to the actual filing of the petition, and so, in effect, revive the award. In the instant case the commission actually filed the petition within the thirty-day period during which it had the right to appeal.

We hold that the filing by the commission of the condemnation petition operated to put the case in the same status as if the proceedings before the review board had never been taken, and that it is immaterial whether the filing of the petition was done as a result of the property owners' "appeal" or as a result of the commission's own volition, or as the result of both. Accordingly, the circuit court was correct in proceeding with the trial and in making the inquisition absolute.

*Judgment affirmed, the appellants
to pay the costs of this appeal.*