PILAR LOWENTHAL ET AL. *v.* MORTON E. ROME
and ALBERT LOWENTHAL, Personal
Representatives of the Estate of
Jean Arthur Lowenthal ET AL.

[No. 1083, September Term, 1979.]

*Decided May 8, 1980.*

The cause was argued before MASON, LISS and COUCH, JJ.

*John D. Alexander, Jr.,* with whom were *Allen, Thieblot & Alexander* on the brief, for appellants.

*Stephen C. Winter,* with whom were *White, Mindel, Clarke & Hill* on the brief, for appellees.

Liss, J., delivered the opinion of the Court.

The appellants in this case are Pilar Lowenthal, the widow of Jean Arthur Lowenthal, and his children, Jean Arthur Lowenthal, Jr. and Loretta Lowenthal. The appellee is Morton E. Rome, the surviving personal representative of the estate of Jean Arthur Lowenthal.

The appellants, on January 20, 1978, filed a petition in the Orphans' Court of Baltimore City in which they sought to have a Spanish will of the deceased (dated March 3, 1976) admitted to judicial probate. Appellee filed an answer in which he contended the relief sought by the appellants ought not be granted. Appellee also requested the Orphans' Court to deny the admission of the Spanish will to judicial probate. After a hearing, the Orphans' Court, on October 20, 1978, granted appellee's motion to dismiss. Appellants entered an appeal from that order to the Superior Court of Baltimore City. Subsequently, appellee, the surviving personal representative of the estate, filed a motion to dismiss the appeal pending in the Superior Court on the ground that a transcript of the proceedings originally held in the Orphans' Court was not filed within thirty days of the date of the final judgment of that court. A hearing on that motion was held on September 25, 1979, and the presiding judge found: that the appeal to the Superior Court had been timely filed; that the Superior Court had jurisdiction over the issues raised; but that the appellants had failed to comply with the requirement that a transcript of the testimony before the Orphans' Court be filed within thirty days from the final date of its order. On that basis, the presiding judge dismissed the appeal, and it is from the order issued by the presiding judge that this appeal was filed.

The narrow issue raised by this appeal is:

Whether in an appeal from the Orphans' Court to the

Superior Court, which is designated as an appeal *de novo,* the appellant is required by the provisions of Section 12-502 (a) and (b) of the Courts and Judicial Proceedings Article (1974, 1979 Cum. Supp.) to file in the Superior Court within thirty days a transcript of the testimony from the Orphans' Court.

Judicial probate of a will is a judicial act or determination of a court having competent jurisdiction in order to establish the validity of a will. Probate may also be the proof before an ordinary surrogate, register of wills or other authorized person produced for official recognition and registration in an attempt to establish that the last will and testament of a certain deceased person is such in reality. *See Peterson v. Demmer,* 34 F. Supp. 697 (N.D. Tex. 1940); *Simpson v. Anderson,* 305 Ill. 172, 137 N.E. 88 (1922).

The statutes which govern in this case are found in Maryland Code (1974, 1979 Cum. Supp.) Sections 12-501, 12-502 (a), 12-502 (b) of the Courts and Judicial Proceedings Article. Section 12-501 states:

> A party may appeal to the Court of Special Appeals from a final judgment of an orphans' court. However, if the final judgment was given or made in a summary proceeding, and on the testimony of witnesses, an appeal is not allowed under this section unless the party desiring to appeal immediately gives notice of his intention to appeal and requests that the testimony be reduced to writing. In such case the testimony shall be reduced to writing at the cost of the party requesting it.

Section 12-502 provides:

> (a)-Instead of a direct appeal to the Court of Special Appeals pursuant to Section 12-501, a party may appeal to the circuit court for the county or to the Superior Court of Baltimore City from a judgment of an orphans' court. The appeal shall be heard de novo by the appellate court and it shall give judgment according to the equity of the matter.

> This subsection does not apply to Harford County or Montgomery County.
>
> (b)-An appeal pursuant to this section shall be taken by filing an order for appeal with the register of wills within 30 days after the date of the final judgment from which the appeal is taken. Within 30 days thereafter the register of wills shall transmit a transcript of the proceedings to the court to which the appeal is taken unless the orphans' court from which the appeal is taken extends the time for transmitting the transcript.

It is clear that the Legislature in its wisdom has provided two separate appellate avenues for an appeal from a final judgment of an orphans' court. In Section 12-501, the Legislature has authorized a direct appeal from an orphans' court to this Court. It has specifically provided in the event of such an appeal that an appeal is not allowed unless the party desiring to appeal gives immediate notice of intention to appeal and requests that the testimony before the orphans' court be reduced to writing. Such an appeal is governed by the rules promulgated with reference to appellate review on the record.

Conversely, Section 12-502 (a) and (b) authorizes an aggrieved party to appeal to the circuit court in the jurisdiction in which the orphans' court sits, and the circuit court is then required to hear the controversy *de novo* and to give judgment according to the equity of the matter. The appeal is required to be taken by filing an order of appeal with the register of wills within thirty days after the final judgment of the orphans' court. Within thirty days thereafter the register of wills is required to file a transcript of the proceedings held before the orphans' court in the circuit court.

Appellants contend that there is a substantial difference between a trial *de novo* and an appellate hearing in the nature of a review upon the record. They state that in the *de novo* trial the circuit court sits as if there had been no prior trial. They further contend that neither the testimony before

the orphans' court nor its conclusions as to law or fact have any controlling effect. Appellants urge that such a case is presented to the circuit court as if there had never been a prior hearing or judgment.

The Court of Appeals had this issue before it in *Estate of Soothcage v. King,* 227 Md. 142, 146, 176 A.2d 221 (1961), which considered the effect of a previous statute identical to Section 12-502. That case involved a *de novo* hearing in the Circuit Court for Baltimore County following the orphans' court decision revoking the prior issuance of letters of administration. In commenting on the nature of the *de novo* trial under such circumstances, the Court said: "The appeal to the Circuit Court under Sec. 25 of Art. 5 of the Code (1957) required a trial *de novo.* Therefore, neither the testimony before the Orphans Court nor its findings thereon are now of any controlling effect." The court went on to say:

> Even if we assume (what is not clear from the scanty record before us of the proceedings in the Orphans' Court) that the Orphans' Court had directed plenary proceedings to be had and hence that an answer under oath was required, or that it was required without specific order in any plenary proceedings in the Orphans' Court, we think that the appellee is not entitled to prevail on this contention. The short and sufficient answer to it is that the appeal from the Orphans' Court to the Circuit Court under Section 25 of Art. 5 of the Code (1957) requires a trial *de novo,* and any technical defect in pleading in the Orphans Court seems of no importance on such a trial. . . . We need not consider what the rule might be if the Circuit Court had been sitting in strictly appellate review of the order of the Orphans' Court based on the proceedings in that Court, nor yet what it might be if this case had involved a direct appeal from the Orphans' Court to this Court. [227 Md. at 148-49.]

Appellee relies most heavily on the case of *County Federal Savings & Loan Assoc. v. Equitable Savings & Loan,* 261

Md. 246, 274 A.2d 363 (1971). That case involved an appeal from the Board of Building, Savings and Loan Commissioners to the appropriate circuit court. The appellants in that case appealed one issue, however, at the *de novo* appeal, as required by Code (1957, 1966 Repl. Vol.) Article 23, Section 216H (e), the appellee attempted to argue and present evidence concerning all other issues in the case including those issues which were not appealed by the appellants. The Court was called upon to determine whether an appeal *de novo* from an administrative agency precluded that circuit court from considering the transcript of testimony and exhibits presented at the hearing before the Board. The Court of Appeals concluded that the Maryland Rules dealing with administrative agency appeals, Maryland Rules B1 through B12, must be read in concert with the provision for *de novo* appeals found in Article 23, Section 161H (e), and that in such a *de novo* appeal, the circuit court could and should take into consideration the evidence produced before the administrative board. 261 Md. at 256. In *County Federal Savings & Loan, supra,* the Court of Appeals indicated that there are several possible types of *de novo* appeals depending on the language of the statute or the rules creating the right of *de novo* appeal. The Court of Appeals there compared the *de novo* statute of Article 23, Section 216H (e) with the *de novo* statute dealing with appeals from the Board of Property Review in condemnation cases as discussed by the Court in *Volz v. State Roads Commission,* 221 Md. 209, 156 A.2d 671 (1959). In *Volz,* the Court was called upon to construe then Article 89B, Section 18 of the Annotated Code of Maryland (1957), which provided in part as follows:

"In the event either the Commission or the property owner shall be dissatisfied with the findings and award of the board of property review either shall have the right, within thirty (30) days therefrom, of appeal to the circuit court for the county * * * in whichever jurisdiction the property is situated. Upon appeal the case shall be *heard and determined under the procedure* set forth in this

article [89B] and Article 33A of the * * * Code * * *. In cases where the appeal is sought by the property owner he shall so notify the Commission in writing and it shall be the duty of the Commission to prepare and file *the* condemnation case in the proper court, * * * and the case shall be *heard de novo* and *as if there had been no hearing before the board of property review.*" (Emphasis added.) [221 Md. at 212-13.]

In its analysis in the *Volz* case, the Court found that the statute in *Volz* required the appeal to be treated as if it were a new proceeding and that the appeal was not to be considered an appellate review on the record. Under these circumstances, the Court concluded in *Volz* that the record before the Board of Review should not have been considered at the trial *de novo.* This was directly contrary to the Court's holding in *County Federal Savings & Loan, supra,* where the Court said:

Certainly by the wording used in Article 23, Section 161H (e), the Legislature did not contemplate any new proceeding in providing for a *de novo* appeal from a decision of the Board of Building, Savings and Loan Commissioners. We think an appeal providing for new evidence on the issues appealed from as well as a consideration of the record before the Board, is what was intended. [261 Md. at 258.]

We conclude that the holding in *County Federal Savings & Loan, supra,* is distinguishable from the present case. In *County Federal Savings & Loan,* the Court of Appeals concluded that under the applicable statutory scheme in that type of proceeding the trial *de novo* granted by statute was not to be considered a new proceeding. It held that what was contemplated was an interplay between the statute (Article 23, Section 161H (e), the Administrative Procedure Act (Article 41, Section 244 et seq.), and the Maryland Rules. There, the Court found that: the statute required that the agency transmit to the clerk of court the record of the

agency's proceedings including a transcript of the testimony before the agency; that the Rules (Rule B7 a) required the submission of any exhibits filed in the original proceedings; that additional evidence be allowed, where permitted by law (Rule B10); and that the court in which the appeal was filed would hear the case *de novo,* with a right of the parties to call additional witnesses and to introduce additional evidence (Article 23, Section 161H (e)). Most importantly, the court could reverse or modify the agency's decision if the findings of the agency were unsupported by the entire record which included the evidence and exhibits introduced at the *de novo* hearing. In essence, this amounted to an appellate review on the record rather than a true *de novo* proceeding.

We are convinced that the appellate scheme offered under Section 12-502 is substantially different from that contemplated in *County Federal Savings & Loan, supra,* and that the *de novo* trial permitted in Section 12-502 is, in fact, a new proceeding. Clearly, Section 12-502 is to be considered in conjunction with the provision for a direct appeal to this Court authorized by Section 12-501. The Legislature, in adopting Section 12-502, created an alternative right of appeal when it stated: *"Instead of a direct appeal to the Court of Special Appeals pursuant to 12-501,* a party may appeal — to the Superior Court of Baltimore City from a judgment of an orphans' court. *The appeal shall be heard de novo by the appellate court and it shall give judgment according to the equity of the matter."* (Emphasis supplied.)

The language of this last sentence obviously precludes any suggestion that the alternative right of appeal to the circuit court granted by Section 12-502 was intended to be an appellate review of the action previously taken by the orphans' court with the peripheral right of the appellant to offer additional testimony. The admonition to the circuit court that it give judgment according to the equity of the matter, we think, requires the circuit court to exercise its judgment free of any conclusion previously reached by the orphans' court. We think it is significant that the two sections when read together disclose a substantial difference in the manner in which an appeal is required to be perfected.

Section 12-501, which provides for an appeal to this Court, specifically requires that if *"testimony"* is taken before the orphans' court, the party desiring to appeal must request that the testimony be reduced to writing at the cost of the party requesting it. Implicitly, then, the rules as to appeals to the Court of Special Appeals would govern the appellate proceeding.

In Section 12-502 (b), however, the register of wills is required to transmit a *"transcript of the proceedings"* to the court to which the appeal is taken. No mention is made of the "testimony" nor is any duty imposed on the appellant to have that "testimony" reduced to writing. Nor do we accept the proposition that the phrases "transcript of testimony" and "transcript of the proceedings" are interchangeable in meaning. It is conceded that the Superior Court did, in fact, receive a transcript of the proceedings within the time required by Section 12-502. That transcript included all relevant pleadings and orders and furnished the appellate court with an accurate picture of the procedural background of the status of the cases and the issues to be decided. The trial judge, in dismissing the appeal, indicated the transcript of the testimony might have been useful in the impeachment of witnesses or as a substitution for the live testimony of a deceased or unavailable witness. These are, however, evidentiary matters within the control of the contesting parties. If the testimony was needed for such purposes by any of the parties it would have been the responsibility of that party to have the testimony prepared so that its admission might be determined at an appropriate point in the proceedings.

As we conclude the *de novo* hearing in this case is a new hearing requiring the appellate court to hear the case *ab initio,* and as we find Section 12-502 does not impose a duty to have the testimony written and filed with the court, we conclude that the trial judge erred in dismissing the appeal in this case.

> *Order of dismissal reversed,*
> *remanded for new trial; costs to*
> *be paid by appellees.*