ADAM BIELSKI *v.* EDWARD RISING.
[No. 27, October Term, 1932.]

*Decided December 8th, 1932.*

493

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Foster H. Fanseen* and *Hilary W. Gans,* with whom was *Herbert M. Brune, Jr.,* on the brief, for the appellant.

*Max Sokol,* with whom was *Harry W. Nice* on the brief, for the appellee.

Bond, C. J., delivered the opinion of the Court.

The appellee, a boy then ten years of age, was struck by a bakery truck driven by the appellant, while the boy, with two other small boys, was pushing a toy wagon across the Key Highway in Baltimore City at Jackson Street; and he has recovered judgment against the driver, Bielski, for damages alleged to have been sustained by him. On the appeal by Bielski, two questions are raised: (1) Whether the evidence established contributory negligence on the boy's part beyond controversy, so that the defendant was entitled to have the court direct a verdict in his favor because of that fact; and (2) whether the defendant was entitled to introduce in evidence testimony given in the traffic court of Baltimore City by a witness considered to be insane at the time of trial of this suit. That there was evidence legally sufficient to support a finding of negligence on Bielski's part is not now questioned.

There was evidence tending to prove that the three boys were attempting to cross Key Highway, at a point where it runs eastwardly and westwardly, from the southwest corner of Jackson Street, which enters Key Highway from the south. Bielski's truck was coming westwardly from the right-hand or easterly side of the boys, but the boys testified

that, as they started and looked that way, the truck was distant about the length of a city block, and that they knew they could cross before it would reach them. The movement of the truck and the place of contact are subjects on which the witnesses disagree, but there is evidence that the truck was moving at a rate of about forty miles an hour, and that the defendant, perceiving some trouble in the working of the truck, and turning his attention to his dashboard, permitted the truck to move over to the left or southerly side of the highway, where the boys were, and to strike them there. The plaintiff testified that, after having looked for on-coming vehicles as he left the sidewalk, and having seen that this truck was at about the distance of a block away to his right, he did not look again until he was struck; and that testimony is the principal reliance in the argument that contributory negligence had been established as matter of law.

The testimony does not, we think, so establish contributory negligence. We concur in the trial court's ruling to that effect. It was permissible for the jury to infer from the evidence that the truck did come over to its left, that the plaintiff was justified, and exercising due care, in assuming that he need not guard himself against it there, and in assuming that the truck would not come with such rapidity as to overtake him anywhere in the street. If either fact could be found by the jury, then the court could not hold that on the evidence the plaintiff must have been guilty of a lack of due care, under the circumstances, in failing to look as he continued to cross, or in acting otherwise than he did act. A similar contention was considered in *Coplan v. Warner,* 158 Md. 463, 466, 149 A. 1, and the court held that a pedestrian might have been found exercising due care in assuming that a vehicle need not be looked for on the side of the street that would be its left-hand side; and in the case of *Taxicab Co. v. Ottenritter,* 151 Md. 525, 530, 135 A. 587, the court had occasion to say that a traveler at a street intersection might be found exercising due care in merely seeing as he starts to cross that there was no vehicle coming from the right, and so having the right of way, within a distance that would be

traveled by the on-coming vehicle at a rate of speed to be expected. See review of decisions in other jurisdictions, 79 A. L. R. 1073, 1082, 1089. The conclusion that the plaintiff could not, for these reasons, be held guilty of contributory negligence as matter of law, dispenses with any need of considering a question whether he had a right of way at the crossing as a pedestrian and a question of the effect of his age and limited intelligence.

On the question of the trial court's refusal to permit the defendant to introduce testimony given by a witness, Myers, in the traffic court, on the ground that he was insane at the time of the trial of this suit, it seems sufficient to observe that the preliminary proof of insanity and inability to procure the testimony of the witness was inadequate. Such as there was consisted in statements by a police officer when cross-examined for the defendant: "That (quoting from the record) he knew Meyers was now in Spring Grove Hospital and had been there for two or three months; I guess he was normal before the accident, I am no doctor, I could not tell you." More specific informing testimony should be adduced to lay a foundation for substituting former testimony for present testimony by a witness, in person or by deposition. A statement, quite likely upon hearsay, that the desired witness is in an institution, without definite assurance that he is disabled and will be disabled beyond a reasonable time of postponement for him, is not enough. The preliminary question of necessity of using former testimony is for the decision of the trial court, and disregarding other objections made in this instance, this court is unable to say that there was any abuse of discretion in the decision, or any error otherwise. *Bowie v. O'Neale,* 5 H. & J. 226, 231; *Karthaus v. Owings,* 2 G. & J. 430, 446; *Marshall v. Haney,* 9 Gill, 251, 257; *Franklin Coal Co. v. McMillan,* 49 Md. 549, 552, 559; *Wigmore, Evidence* (2nd Ed.), sec. 1408; Code, art. 35, sec. 21.

*Judgment affirmed, with costs to the appellee.*