121 So.2d 814 (1960)
CITY OF ST. PETERSBURG, a Municipal Corporation, Petitioner,
v.
Marion CALBECK and Mary E. Calbeck, Respondents.
No. 1706.
District Court of Appeal of Florida. Second District.
June 29, 1960.
*815 Carl R. Linn, St. Petersburg, for petitioner.
McClure & Turville, St. Petersburg, for respondents.
SMITH, CULVER, Associate Judge.
This cause is before this Court on Petition for Writ of Certiorari seeking review of a judgment of the Court below, which reversed the judgment of the Municipal Court of St. Petersburg, holding the Respondents guilty of disorderly conduct. The case has previously been before us. In that instance we granted certiorari, quashing the judgment of the Circuit Court of Pinellas County, which reversed the St. Petersburg Municipal Court, on the sole ground that the Ordinance under which the Respondents were convicted was unconstitutional. See City of St. Petersburg v. Calbeck, Fla.App. 1959, 114 So.2d 316. After further proceedings in the Circuit Court, its Order was entered reversing the conviction of Respondents on different grounds. These were that the conduct of the Defendants, prior to their arrest, did not constitute disorderly conduct in the legal sense, and therefore, their subsequent resistance was not improper. The first point to be determined is whether or not there was a valid arrest.
As in most such cases, there is conflicting testimony in the record. It is well settled that it is for the trier of the facts to pass upon questions of credibility of witnesses. See Jalbert v. State, Fla. 1957, 95 So.2d 589 and Ferrer v. State, Fla.App. 1960, 117 So.2d 529. The trier of the facts, in the instant case, was the Municipal Judge of St. Petersburg. As to the function of the Circuit Judge, upon appeal from Municipal Court, the Supreme Court of Florida in the case of Cohen v. State of Florida, Fla. 1957, 99 So.2d 563, 564, stated:
"It was the duty of the circuit judge, in reviewing the judgment of the municipal court, to `examine the record and reverse or affirm the judgment appealed from, giving such judgment or order as the trial court should have given or otherwise as it may appear according to law.' § 932.52(13), Fla. Stat. 1955, F.S.A. Tested by the rule applicable to appellate courts in general it was, at least, the duty of the circuit judge `to determine whether the lower tribunal had before it competent substantial evidence to support its findings and judgment which also must accord with the essential requirements of the law * * *. Substantial evidence has been described as such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred. We have stated it to be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion.'"
In the case now before us, we find testimony to the effect that, at around four in the morning, police officers of the City of St. Petersburg went to Respondents' door to investigate an incident which had been reported to them shortly before. They were refused admittance, told to get a warrant and to get off the property. They, thereupon, went out to the street where their vehicles were parked. In a few moments Respondent, Marion Calbeck, came out of his residence, walked to the street, cursing the officers as he came. When he stepped onto the public street, he was placed under arrest. The testimony of the officers set forth the language used, which was foul and obscene. Thereupon, according to the testimony of the police officers, the Respondent, Mary E. Calbeck, left the house, looking for her husband, *816 Marion Calbeck. After discovering him in the police cruiser, she cursed and verbally abused the officers. Upon entering the street, she was likewise placed under arrest. After they were arrested, the Respondents forcibly resisted, which resistance continued periodically until they were booked and released at police headquarters.
As has been previously said, there is testimony in the record which conflicts in many respects. As was held in Cohen v. State of Florida (supra) it was the duty of the Circuit Judge to determine whether the Municipal Court had before it competent substantial evidence to support its findings and judgment. We are of the opinion that it did.
Section 901.15 Florida Statutes, F.S.A. provides that a peace officer may, without a warrant, arrest a person when the person to be arrested has committed a felony or misdemeanor, or violation of a Municipal Ordinance in his presence. Respondents were charged with disorderly conduct. In 4 Fla.Jur. § 2 at page 598, it is stated:
"In addition to the offenses expressly discussed herein, other acts or conduct which might be regarded as breaches of the peace or disorderly conduct are parades, the utterance of abusive or profane language, and loud, disturbing, and obnoxious noises."
Certainly the utterance of the words appearing in the testimony fall within the category of "abusive or profane language." The fact that they may have been directed to police officers would not excuse Respondents. We are of the opinion that the arrest was legal. See annotation on this subject in 34 A.L.R. 566.
Having held that there was a valid arrest of Respondents, it seems clear that there was sufficient evidence before the Municipal Court to sustain the conviction. This consists not only of the conduct before the arrest, but of the conduct of Respondents after their arrest. Certiorari is granted and the Judgment of the Circuit Court reversing the Municipal Court of St. Petersburg is quashed.
KANNER, Acting C.J., and SHANNON, J., concur.