## CHILDRESS v. STATE

[No. 60, September Term, 1961.]

42

*Decided November 17, 1961.*

Submitted to BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

Submitted on brief by *Francis X. Dippel* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, James P. Garland, Assistant Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *E. Thomas Maxwell, Jr., Assistant State's Attorney,* for the appellee.

PER CURIAM.

The appellant was convicted on three indictments for assault and one for disturbing the peace. Each of the first three was for an assault upon a different named police officer. Concurrent sentences of eighteen months were imposed on the first three, and sentence was suspended generally under the fourth. He appeals.

Two contentions are made: first, that his arrest was illegal and hence that he was justified in resisting arrest; second, that the evidence was insufficient to sustain the convictions.

The appellant, a private individual, undertook to hold up or direct traffic near a busy intersection during a rush hour and thereby caused considerable confusion and some rather minor bumps. The first officer (Bestpitch) was directing

traffic at the intersection 80 feet away. He saw what the appellant was doing, walked over to within 5 feet of him and told him he was under arrest. The appellant claimed he did not hear and in any event did not submit to arrest. Instead, he walked away and entered a nearby rooming house, where he lived. The officer, who was in uniform, followed him into the hallway, laid a hand on his shoulder and told him he was under arrest. The appellant responded by striking the officer, breaking his nose and knocking him down. Two more officers were called to the scene and they, too, were attacked by the appellant. A few minutes later a cruising patrol with two more officers arrived, and the appellant was then effectively taken into custody.

The arrest occurred when the first officer laid his hand on the appellant's shoulder and told him he was under arrest. *Cornish v. State,* 215 Md. 64, 137 A. 2d 170; *Price v. State,* 227 Md. 28, 175 A. 2d 11. The arrest was for a misdemeanor committed in the presence of a police officer, and was proper on that score. See cases cited on that point in the *Price* case and Kauffman, *The Law of Arrest in Maryland,* 5 Md. L. Rev. 125, rule 6, p. 160. The arrest was made almost at once and was therefore made in due time. See 1 Bishop, *New Criminal Procedure* (Underhill, 2 ed., 1913), § 183(6); 4 Wharton, *Criminal Procedure* (Anderson ed., 1957), § 1615; 4 Am. Jur., *Arrest,* § 67; *Annotation,* 58 A.L.R. 2d 1056; A.L.I. *Code of Criminal Procedure,* § 21(a) and comment thereon (at p. 234). Cf. *Gattus v. State,* 204 Md. 589, 600-601, 105 A. 2d 661, where this rule was recognized but found inapplicable. The appellant has not explicitly challenged the officer's right to follow him into the hallway and arrest him there, and it would seem that the officer's conduct in so doing was lawful. See 4 Am. Jur., *Arrest,* § 84; *Annotation,* 5 A.L.R. 263; *Semayne's Case,* 5 Co. Rep. 91a, 77 Eng. Repr. 194, 197; *State v. Marshall,* 61 Ohio L. Abs. 568, 105 N. E. 2d 891; Kauffman, *op. cit. supra,* pp. 167-69.

The assault on the first officer to escape lawful arrest was unjustified. *Price v. State, supra.* We, therefore, need not pass on the State's further contention that even if the arrest had been unlawful, the amount of force used by the appellant

was excessive and in itself constituted an assault. The assaults upon the other two officers who were called upon to assist the first in effectuating the appellant's arrest were also clearly unlawful.

We find no merit on the facts above set forth in the appellant's contention that the evidence was insufficient to warrant conviction on any of the assault charges or on the charge of disturbing the peace by interfering with the proper flow of traffic. That tended to create public confusion and disorder. Cf. *Wanzer v. State,* 202 Md. 601, 97 A. 2d 914.

*Judgments affirmed.*