John Wesley **SHARPE**, Petitioner,

v.

**WARDEN, BALTIMORE CITY JAIL,**
Respondent.

Civ. No. 15196.

United States District Court
D. Maryland.

Jan. 28, 1964.

Archie D. Williams, Baltimore, Md., for petitioner.

Thomas B. Finan, Atty. Gen., of Maryland, and John W. Sause, Jr., Asst. Atty. Gen., of Maryland, Baltimore, Md., for respondent.

THOMSEN, Chief Judge.

In his petition for a writ of habeas corpus petitioner contends that he was denied due process and equal protection of the laws, as guaranteed by the Fourteenth Amendment, when the Court of Appeals of Maryland affirmed his conviction by the Criminal Court of Baltimore City "on considerations which were not tried or decided by the lower Court".

Since that contention has been presented to the Court of Appeals of Maryland on a motion for reargument, which was denied, and to the Supreme Court of the United States in a petition for a writ of certiorari, which was likewise denied, and petitioner has begun to serve his six month sentence, this Court concluded that it would be unfair to require petitioner to proceed under the PCPA, Md.Code, Art. 27, sec. 645A et seq. Accordingly, this Court issued a writ, and heard the case on its merits.

Petitioner was tried and convicted in the Municipal Court of Baltimore City on charges of disorderly conduct and assaulting a police officer. He was sentenced to thirty days in jail on the first charge and sixty days on the second, to run concurrently. On appeal to the Criminal Court of Baltimore he was tried by the court without a jury and again found guilty on both charges, sentenced to thirty days on the first charge and six months on the second, to run concurrently. He appealed to the Court of Appeals, where he argued that there was no evidence of disorderly conduct before the Criminal Court, that his arrest for disorderly conduct was unlawful, and that his conviction for assault on an officer was invalid inasmuch as he was under unlawful arrest at the time of the alleged assault.

The majority opinion of the Court of Appeals noted that, technically only the judgment in the assault case was before them, because a second appeal in the disorderly case was not permitted under Md.Code, Art. 5, sec. 12a(2). The Court of Appeals affirmed the judgment, Sharpe v. State, 231 Md. 401, 190 A.2d 628 (1963), three judges dissenting, after

an original hearing and a reargument before the full Court.

In the majority opinion, Judge Henderson stated: "The case turns on the legality of the arrest. If the arrest was lawful, the appellant was not justified in resisting it, and assaulting the police officer. * * * We think the arrest was lawful." Petitioner had profanely refused to hand over his operator's license for examination by the officer on demand, a misdemeanor under Art. 66½, secs. 97 and 338 of the Md.Code. Judge Henderson said: "Refusal to obey a proper order of an officer may constitute an offense justifying an arrest, particularly where there is profanity in the presence of others that may threaten a breach of the peace. * * * In the present posture of the case, however, we do not reach the question whether the charge of disorderly conduct could be justified. We hold that the arrest was justified for failure to comply with the officer's demand to examine the operator's license under the circumstances. The fact that he was not charged with that offense would seem to be immaterial. Cf. Price v. State, supra, [227 Md. 28, 175 A.2d 11], where charges of assault upon an officer were sustained, because the officer had reasonable grounds to believe that the accused was attempting burglary at the time of the arrest, although never charged with that offense."

The three dissenting judges felt that there was no disorderly conduct, that the arrest was illegal, and that both judgments should have been reversed. 231 Md. at 404, 190 A.2d at 630. Two of the dissenting judges added further observations. 231 Md. at 407, 190 A.2d at 632.

■ ■ It is not necessary or proper for this Court to decide which of the three opinions was correct. The only question here is whether the decision deprived petitioner of any constitutional right. He had been charged in the Municipal Court with disorderly conduct and assaulting an officer, and had been convicted of both offenses in that Court and in the Criminal Court on appeal. Granting that the Court of Appeals might properly consider the propriety of the disorderly conduct conviction in connection with the appeal from the assault conviction, it does not follow that the constitutional validity of the assault conviction depends upon the propriety of the disorderly conduct *conviction*. It turns upon the validity of the *arrest*, which the majority held to be "justified for failure to comply with the officer's demand to examine the operator's license under the circumstances". The facts upon which that conclusion was based appeared in the record. This is not the first time that an appellate court has affirmed or reversed a judgment on matters not argued below or on appeal. Although the practice may or may not be considered generally undesirable, it is not unconstitutional per se, if the decision is based upon facts in the record.

■ Moreover, as the majority opinion indicates, the propriety of an arrest for disorderly conduct or any other crime does not depend upon whether the person arrested is convicted of the particular crime for which he was arrested; an arrest is proper if the arresting officer had reasonable grounds under the law to make the arrest. Price v. State, 227 Md. 28, 175 A.2d 11. Two offenses may be committed in the presence of an officer, or he may be in doubt as to which of two possible offenses has in fact been committed. There is no constitutional requirement that a police officer must decide offhand for which of two possible offenses he should arrest a defendant, provided he acts in good faith and has reasonable grounds to arrest for one of the offenses.

■ Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644, relied on by petitioner, is not in point. There the defendant had been convicted of violating sec. 2 of a state statute, and the State Supreme Court affirmed the conviction because the defendant had violated sec. 1 of the Act, which described an offense separate and distinct from the offense described in sec. 2. In the present case petitioner was convicted in the Municipal Court and in the Criminal Court on

appeal of the same offense, assaulting an officer, and the Court of Appeals affirmed his conviction of that offense.

### Order

The writ is hereby discharged and petitioner is hereby remanded to the custody of the respondent.