WILLIAM McINTYRE AND ARNEY DAVIS *v.*
STATE OF MARYLAND

[No. 223, Initial Term, 1967.]

*Decided August 3, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and O'DONNELL, J., Associate Judge of the Eighth Judicial Circuit, specially assigned.

*Archie D. Williams* for appellants.

*Alan M. Wilner, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *John Hackett, As-*

588

*sistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The Appellants, William McIntyre and Arney Davis, were convicted of disorderly conduct and resisting arrest by a jury in the Criminal Court of Baltimore. Judge J. Gilbert Prendergast presided and imposed consecutive sentences of thirty days and not more than three years in the Maryland Correctional Institution on the respective convictions.

On February 16, 1966, at about 9:30 p.m. Officers Thomas and Hax of the Baltimore City Police Department were on routine patrol when they noticed a group of teenagers in front of a restaurant. According to the Officers, the group was loud and using profanity; and the police had previously received a number of calls from the owner of the restaurant requesting that such groups be kept away from the front of the establishment. After the group failed to heed Officer Thomas' directive to disperse, which was issued from the police car, he alighted therefrom and repeated his order. All left with the exception of the Appellant, Davis, "who stated he didn't have to leave and he wasn't doing anything." When he refused to move along with the rest of the group and started using abusive and profane language, Officer Thomas placed him under arrest. While Officer Hax was calling for a patrol wagon, the Appellant, McIntyre, "ran" between Officer Thomas and Davis, thereby enabling Davis to run away. Officer Thomas pursued Davis and caught him within a half block when Davis fell down. He was again placed under arrest and by this time a large crowd had congregated. According to Officer Thomas: "William McIntyre the whole time, Arney was only struggling to get away—all this time William McIntyre was trying to take the prisoner from me. * * * I'm struggling with Arney (Appellant Davis), I'm trying to keep the crowd off, people are throwing rocks and bottles * * * Arney had broke away from me again; McIntyre is on top of me. He takes a swing and hits me in the jaw. At the same time somebody else throws a bottle and hit me in the head * * * and I grabbed McIntyre because Arney

was gone. I placed him under arrest then. He took another swing at me under arrest." About this time, additional cruise cars descended on the scene; McIntyre was finally subdued and placed in one of the cars; Davis was apprehended at a later date.

In this appeal the Appellants contend that the lower court erred in refusing to propound the following question to the jury as a part of the *voir dire* examination:

> "Is any member of the panel sufficiently familiar with the law of arrest in Maryland as it had been pronounced by the Court of Appeals of Maryland, so as to be able to determine, upon a given set of facts, whether or not an arrest made in Maryland is lawful or unlawful?"

It is argued that since the jury in a criminal case under our State Constitution is judge of both the law and facts, and since the legality of the Appellants' arrest was an issue in their cases, they were entitled to ascertain whether a "prospective juror was incompetent to perform his constitutional duty."

No authority is cited by the Appellants, and we are not aware of any, which holds that a lack of knowledge of the intricate tenets of the law constitutes a ground for disqualifying a prospective juror; and since we believe that such a requirement is not necessary to serve the ends of justice, we hold that the Appellants' contention in this regard is without merit. The purpose of the *voir dire* examination is to ascertain whether the prospective jurors are free from bias or prejudice and capable of making objective and impartial determinations. *Bristow v. State*, 242 Md. 283, 288-289; *Giles v. State*, 229 Md. 370, 378-379; *Brown v. State*, 220 Md. 29, 36; *Lee v. State*, 164 Md. 550, 557.

It is also contended that there was no evidence of disorderly conduct on the part of Davis; that the evidence of disorderly conduct on the part of McIntyre was so contradictory that his guilt rests upon speculation, and that there was no evidence of his resisting arrest.

The Court of Appeals in *Harris v. State*, 237 Md. 299, stated:

"A failure to obey a reasonable and lawful request by a police officer fairly made to prevent a disturbance to the public peace constitutes disorderly conduct." See also *Sharpe v. State*, 231 Md. 401; *Drews v. State*, 224 Md. 186 (vacated on other grounds, 378 U. S. 547).

The Officers' request that the teenage group disperse was clearly intended to prevent a disturbance of the public peace and Davis' refusal to comply constituted disorderly conduct. The fact that Davis may have been standing on the steps of the restaurant, as contended by him, rather than on the public sidewalk, at the time the order was issued does not take his conduct out of the terms of the statute under which he was found guilty (Code, Art. 27, Sec. 123) since disorderly conduct is prohibited not only "upon any public street" but "in any store during business hours."

The record does not sustain McIntyre's assertion that evidence of his disorderly conduct was so contradictory that his guilt must rest upon speculation. It is apparent from the facts recited above that there was ample evidence from which the jury could find him guilty of disorderly conduct. *Borman v. State*, 1 Md. App. 276, 280; *Graef v. State*, 1 Md. App. 161, 165.

Likewise the record does not support McIntyre's contention that there was no evidence to sustain his conviction of resisting arrest. Officer Thomas testified, categorically, that McIntyre "took another swing at me under arrest." It has been repeatedly held that the testimony of a single eye witness is sufficient to support a conviction. *Turner v. State*, 242 Md. 408; *Wesbecker v. State*, 240 Md. 41; *Barbee v. State*, 239 Md. 329. There was, in our opinion, sufficient evidence of McIntyre's guilt of resisting arrest.

*Judgment affirmed.*