## ALBERT BRITTON *v.* STATE OF MARYLAND

[No. 304, Initial Term, 1967.]

*Decided October 27, 1967.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Jack E. Richards* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Dickee M. Howard, Assistant Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Joseph Howard, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Albert Britton, the appellant, was convicted of robbery with a deadly weapon in a trial before the court in the Criminal Court of Baltimore, Judge Meyer M. Cardin presiding.

The appellant presents six questions:

"1. Was the appellant denied his constitutional right to effectively cross-examine and confront witnesses as granted to the appellant under the Fourteenth Amendment's guarantee of due process of law, when the trial court allowed a transcript of testimony of a prior trial to be introduced into evidence at a later trial?

"2. Was the appellant denied of his right to have the effective assistance of counsel for his defense as granted to him under the Sixth Amendment of the Federal Constitution when his counsel was unable to cross-examine a witness whose testimony at a prior trial convicted the appellant at a subsequent trial?

"3. Was there a sufficient predicate laid by the state so as to allow the state to offer into evidence, at a second trial, a transcript of testimony taken at a prior trial?

"4. Did the state meet the required burden of proof to show that the appellant was legally arrested on a valid warrant?

"5. Did the trial court commit prejudicial error when it allowed certain witnesses to testify at the trial of the appellant?

"6. Was there legally sufficient evidence before the trial court to find the appellant guilty of the crime of robbery with a deadly weapon?"

On December 3, 1963 a liquor store owned by Mr. Lipsitz was robbed at gunpoint by two men. Britton was identified by Mr. William Eggelston, an employee at the liquor store. Mr. Eggelston testified at a previous trial that as he came out of the cellar he observed a man pointing a gun at Mr. Lipsitz. This man, later identified as the appellant, took Mr. Eggelston to the rear of the store and took money from him, and from the cash register. Mr. Eggelston later picked the appellant out of a line-up, and also identified him at the first trial. Mr. Eggelston was not available at this trial for which an appeal is being made because he was beyond the jurisdiction of the court.

## I

Britton's first three questions concern the admission of the

transcript of a former trial. The first two are directly answered by *Contee v. State,* 229 Md. 486, 184 A. 2d 823, page 825 where the court said:

> "It is well settled that testimony taken at a former trial may be admitted, if it be shown that the witness is dead, insane, or beyond the jurisdiction of the court, or on diligent inquiry cannot be located, or that some other circumstance exists which shows that the witness who gave the testimony at the former trial cannot be procured as a witness at the second trial. [Citing extensive authorities]. The writers and authorities all agree that where there was an opportunity to cross-examine the witness in the former trial, there is no violation of the right to be confronted with the witnesses against the accused, under Art. 21 of the Maryland Declaration of Rights or under the Due Process clause of the Fourteenth Amendment to the Federal Constitution. Since there is no constitutional right involved, there has been a discernible tendency, we think, to liberalize the rule, which was first applied ex necessitate in case of death."

Britton relies on *Pointer v. Texas,* 380 U. S. 400, 85 S. Ct. 1065, 13 L. Ed. 2d 923, but in that case cross-examination at the prior trial (actually a preliminary hearing) had not been permitted.

Britton argues in support of his third contention that since under Md. Code, Art. 27, § 617 et seq. (Uniform Act to Secure Attendance of Witnesses from Without a State in Criminal Proceedings) an absent witness can, under certain circumstances, be subpoenaed from a sister state, the absent witness rule quoted from *Contee v. State, supra,* does not apply. This question was discussed but not decided in *Contee v. State, supra.* The court did, however, refer to the fact that the statute did not extend the jurisdiction of the state, since it is based on comity; and further, in discussion of the problem, cited only two cases, both of which are contrary to Britton's position. *State v. Jordon,* 83 Ariz. 248, 320 P. 2d 446, *cert. denied* 357 U. S. 922, 78 S. Ct. 1364, 2 L. Ed. 2d 1367, rehearing denied 358 U. S. 859,

79 S. Ct. 17, 3 L. Ed. 2d 923. *People v. Hunley,* 313 Mich. 688, 21 N. W. 2d 923. At least two subsequent cases support the proposition that the Uniform Act has no application to the rule stated in *Contee v. State, supra. People v. Dozier,* 236 Cal. App. 2d 94, 45 Cal. Rptr. 770, and *State v. Lesco,* 194 Kan. 555, 400 P. 2d 695. We have found no cases to the contrary. We hold that Md. Code, Art. 27, § 617 et seq. has no effect on the rule that testimony taken at a former trial may be admitted, if it be shown that the witness is beyond the boundaries of the state or on diligent inquiry cannot be located.

Britton further argues that there was no sufficient predicate laid for the introduction of the transcript because the evidence was all hearsay. The pertinent part of the record is as follows:

"Q. Sergeant Serra, for the record, at my request, did you make an investigation in the attempt to find one William Eggelston?

"A. I did.

"Q. Would you give the Court the benefit of the investigation you made in an attempt to locate this young man?

"A. After receiving a call from Mr. Howard, I made an investigation to try to locate the witness in this case, William Eggelston. Through talking to his former employer and some friends, I ascertained that he is now in the U.S. Armed Services stationed at Fort Sill, Oklahoma. His address is Private William Eggelston, USATC, D-1, Fort Sill Oklahoma.

"Q. Where were you able to get that information? Was it a written document of some kind?

"A. This was a check sent by William Eggelston to his mother, Odessa Davis, and this was the address on the check that Eggelston had sent to his mother.

"Q. What date did you determine this?

"A. This morning."

If the rule required proof that the witness was out of the state, the hearsay argument might have some merit, but the rule has other aspects. A witness' prior testimony can be used where there is proof that "on diligent inquiry" he cannot be located.

The police officer's testimony as to his efforts to locate the witness and the responses of the persons with whom he talked is not hearsay on this issue. 2 *Wharton's Criminal Evidence* (12th Ed.) Sec. 487.

In addition to the testimony of Sergeant Serra, the Sheriff had returned a summons for William Eggelston *"non est."* We deem the evidence, although minimal, sufficient to prove that the state made a diligent effort to locate the absent witness.

## II

The allegation of illegal arrest is immaterial where no evidence resulting from the arrest is admitted at the trial. *Hutchinson v. State,* 1 Md. App. 362, 230 A. 2d 352, *Nadolski v. State,* 1 Md. App. 304, 229 A. 2d 598. Britton does not allege that "fruits" of the illegal arrest were admitted into evidence.

## III

Britton alleges prejudicial error because certain witnesses were permitted to testify in violation of an order to exclude witnesses. When the trial began, the State called Mr. Lipsitz, the owner of the liquor store. After Mr. Lipsitz's testimony the State intended to use the transcript of the testimony of the absentee witness from the appellant's previous trial. However, the trial was continued for ten days to allow the State to produce the transcript. When the trial resumed on November 16, 1966, the appellant requested the exclusion of witnesses. It seems that Sergeant Serra was to be the only State witness in order to lay a foundation for the introduction of the transcript, but the Sergeant had been present ten days earlier when Mr. Lipsitz had testified. The exclusion of witnesses was not requested in the prior proceedings ten days earlier. The appellant alleged that this was not done pursuant to an understanding he had with the State's Attorney that only Mr. Lipsitz would be called as the State's witness. Sergeant Serra was allowed to testify. His testimony did not regard the merits of the case and did not tend to substantiate nor did his testimony relate to that given by Mr. Lipsitz. Later, Sergeant Serra was called as a witness for the sole purpose of proving that he had arrested the appellant. He again did not testify as to the merits of the case.

The matter in question rests within "the sound discretion of

the trial judge as to whether or not to admit the testimony of a witness even where there has been a violation of the exclusion order", *Mayson v. State,* 238 Md. 283, 208 A. 2d 599. We see no abuse of discretion here.

### IV

The last contention of the appellant concerns the legal sufficiency of the evidence to support the conviction of the appellant. The identification of the appellant as the perpetrator of the crime by a single eye-witness, if believed, is sufficient evidence to support the conviction of the accused, *Crumb v. State,* 1 Md. App. 98, 227 A. 2d 369, *Hutchinson v. State,* 1 Md. App. 362, 230 A. 2d 352, *McIntyre v. State,* 1 Md. App. 586, 232 A. 2d 279. Britton was identified by an eye-witness.

*Judgment affirmed.*