## RICHARD WAYNE LINDSAY v. STATE OF MARYLAND

[No. 320, Initial Term, 1967.]

*Decided November 3, 1967.*

The cause was argued before MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Michael L. Kaplan,* with whom was *Morris L. Kaplan* on the brief, for appellant.

*Bernard L. Silbert, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Richard Wayne Lindsay, the appellant, complains of convictions for murder in the second degree and assault against a second person in a trial in the Criminal Court of Baltimore, Judge Meyer M. Cardin presiding with a jury.

The grounds on which this case must be reversed, do not require a statement of the facts of the case.

The testimony of Willie Boswell, an eye-witness to the killing, taken at a former trial of the case, was read into the evidence by the Assistant State's Attorney over the objections of Lindsay. The admission of such testimony is, of course, quite proper if it is shown that the witness is dead, insane, or beyond the jurisdiction of the court, or on diligent inquiry cannot be located, or that some other circumstance exists which shows that the witness cannot be procured as a witness at the second trial, *Contee v. State,* 229 Md. 486, 184 A. 2d 823, cert. denied. 374 U. S. 841, 83 S. Ct. 1895, 10 L. Ed. 2d 1062. There must, however, be sufficient proof of the unavailability of the witness, or, in other words, a proper predicate must be established. *Bryant v. State,* 207 Md. 565, 115 A. 2d 502, *Hendrix v. State,* 200

Md. 380, 90 A. 2d 186, *2 Wharton's Criminal Evidence*, §§ 487-89 (12th ed.) 159 A.L.R. 1246.[1] The only evidence offered here to prove the unavailability of the witness was the unsworn statement of the Assistant State's Attorney, the return of a summons, *"non est"* by the Sheriff of Baltimore City and hearsay testimony by a police officer that other officers had attempted to locate Boswell without success. Neither the testimony of the officers making the investigation nor the records of the police department were offered into evidence. On the basis of the authorities heretofore cited and *Bielski v. Rising,* 163 Md. 492, 163 A. 207 we hold that there was an insufficient predicate laid to support the introduction of Willie Boswell's testimony, cf. *Britton v. State,* 2 Md. App. 285.

The testimony of Dr. C. Thomas Flotte at a prior trial, was also likewise admitted into evidence to prove the extent of injuries in the assault case. The only proof of predicate here was the offering of a letter by the Assistant State's Attorney from the doctor in which the doctor stated he would be in Florida until after December 8, 1966. His testimony was received by the trial court on December 7, 1966. No summons had been issued for the current trial although he had been served with a summons to appear on November 10, 1966 when the trial was originally scheduled. We think the admission of this testimony was

---

1. *Bryant v. State, supra,* page 512 of 115 A. 2d 502, as follows:
    "It is a generally accepted rule that a party in a criminal action seeking to introduce the testimony of a witness given at a former trial must lay a proper predicate therefor by showing (1) that the witness is unavailable because of his death, insanity, or physical disability preventing his appearance in court, or his absence from the jurisdiction of the court without the connivance of the party seeking to introduce the testimony of such witness, or his absence when after diligent search and inquiry he cannot be found; (2) that such witness testified at the former trial, and the accused was present and had an opportunity for cross-examination; and (3) that the person by whom the testimony of the absent witness is sought to be reproduced will state under oath that he heard, remembers, and can relate the substance of all the testimony of such absent witness, or at least the substance of all such testimony on the particular subject sought to be proved."

an error on two counts. The letter should not have been received in evidence on the unsworn statement of the Assistant State's Attorney, 2 *Wharton's Criminal Law*, § 486 n. 3 at page 287, § 487 at page 295. The prior testimony was not admissible for the second reason that the doctor would have been available to testify in the near future and a reasonable postponement would have permitted him to have been produced.

In *Bielski v. Rising, supra,* at page 495 of 163 Md. the Court of Appeals said:

> "A statement, quite likely upon hearsay, that the desired witness is in an institution, without definite assurance that he is disabled and will be disabled beyond a reasonable time of postponement for him, is not enough."

We hold that the fact that the doctor would have been available soon after the conclusion of the trial was sufficient to bar the admission of his prior testimony over objections of the defendant.

The question of how the testimony should be introduced into evidence seems to be a case of first impression in Maryland. In the current trial, the Assistant State's Attorney was simply permitted to read the stenographic transcript without any testimony that it was accurate, or that the witness remembered the substance of the testimony. This also is clear error. 2 *Wharton's Criminal Evidence*, §§ 488-90 (12th ed.).

Lindsay raised several more points in his brief and in his argument; but since they appear to be frivolous, we will not discuss them in view of our decision on the admission of the prior testimony.

> *Judgments reversed and case remanded for new trial.*